(127 App. Div. 753.)

### HALEY v. SOLVAY PROCESS CO.

(Supreme Court, Appellate Division, Fourth Department. July 7, 1908.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—NEGLIGENCE OF FOREMAN.

Where a foreman in a manufacturing plant, who under the employer's liability act was a vice principal, directed an employé in the caustic soda department, who had worked therein only 16 days, to open a pipe leading from a kettle containing caustic soda, without first ascertaining that the pressure on the pipe from the kettle had been relieved, so that the opening of the pipe would not cause the caustic sode to come out upon the employé with great force while attempting to open the pipe, he was guilty of negligence, rendering the employer liable for injuries to the employé caused thereby.

2. SAME—CONTRIBUTORY NEGLIGENCE—PRECAUTIONS REQUIRED OF EMPLOYÉS—RULES OF EMPLOYER.

Failure of an employé to wear goggles to protect his eyes while he was opening the pipe leading from a kettle containing caustic soda, in the

caustic soda department of a manufacturing plant, pursuant to directions from the employé's foreman, was not contributory negligence, precluding him from recovering for injury to his eyes received from the caustic soda, though a rule of the employer required employés to wear goggles while working in that department, where the rule was, with the employer's knowledge, frequently and habitually disregarded, and where the foreman at the time he directed the employé to open the pipe, knew that the employé had no goggles, and where at the time of the accident no goggles were furnished to the employé, and none were to be had.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 759–764.]

3. DAMAGES—EXCESSIVE DAMAGES—PERSONAL INJURIES.

Where an employé, injured while working in the caustic soda department of a manufacturing plant, was a young man of good character, in the prime of life, at the time of the accident, and as a result thereof lost the sight of one eye, and the sight of the other was seriously, if not permanently, impaired, and also sustained other very serious injuries, a verdict for $7,948 was not excessive.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, § 385.]

Robson, J., dissenting.

Appeal from Trial Term, Onondaga County.

Action by Jeremiah T. Haley against the Solvay Process Company for personal injuries. From a judgment for plaintiff for $7,948 damages and $158.56 costs, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

The action was commenced on the 10th day of April, 1907, to recover damages alleged to have been sustained by the plaintiff solely through the negligence of the defendant.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Louis L. Waters, for appellant.

W. J. McClusky, for respondent.

McLENNAN, P. J. At the time of the accident, which occurred on the 25th day of December, 1906, the plaintiff was working in the caustic soda department of defendant's plant. It was a large room, filled with tanks, pumps, and pipes, many of them complicated in their construction and method of operation. The plaintiff, while he had been employed by the defendant at different times for a considerable period prior to the accident, had only been employed in doing the particular work in which he was engaged at the time of the accident for 16 days prior thereto. At the time he was engaged in removing a cap from the end of a pipe leading from a caustic soda kettle, so called, and which pipe was filled with hot caustic soda, and through which pipe the caustic soda from the kettle was discharged or forced by a system of pipes into another receptacle called the "mont-jus." It appears that the plaintiff had discovered that the liquid was not flowing from the kettle, and the reason for the removal of the cap or blank on the pipe was to ascertain the cause of the stoppage. When the plaintiff had sufficiently loosened the cap or blank to make an opening in the pipe, a stream of the hot caustic soda burst forth and struck him in the face and other portions of his body, and the injuries of which he complains resulted.

It is not disputed that the occupation in which the plaintiff was engaged was attended with much danger. It is claimed on the part of the plaintiff that the defendant is liable because its foreman, one McCarthy, who at the time of the accident was in charge of the work being done and was authorized to direct the movements of the plaintiff, was guilty of negligence because he, said McCarthy, directed the plaintiff to remove the cap or blank from the pipe leading from the kettle when the kettle was full of caustic soda and when the pressure was on. The evidence upon that proposition is, briefly, that the plaintiff had turned the cap so as to let the soda through the pipe in question from the kettle; that the gauge at the time indicated that the kettle was full of caustic soda, but it was apparent that it was not being discharged therefrom, and that there was some stoppage of the system of pipes which prevented such discharge. The plaintiff testifies, in substance, that that being the situation, and he having explained it to the foreman, the foreman directed him to take a certain wrench and go and remove the cap or blank from the pipe some 25 or 30 feet away; that he asked such foreman if everything was ready and in condition for him to open the pipe; and that McCarthy answered that it was. There was a rule of the defendant, in force at the time, directed to employés working in that department, which provided as follows:

"Do not begin work on any job until you are notified by the foreman in charge that everything is ready. Foremen must not order their men to go to work on a job without careful inspection to see that everything needed is ready and safe."

So that we have this situation: The plaintiff, who had had only 16 days' experience in the performance of his duty, relied upon the statement made to him that everything was ready for him to remove the cap from the pipe in question, and also, as it seems to me, he had a right to rely upon the rule of the defendant that he would not be required to remove the cap from the pipe in question until it was ascertained that everything was in condition for him to do so. The foreman knew and admits that he discovered that the kettle, as indicated by the gauge, was full of caustic soda, and which, of course, must have exerted the pressure on the pipe below the level of such kettle. Concededly it was an act accompanied with great danger for any one to have made an opening in the pipe in question while the pressure of the liquid was on. On the merits, the real question in this case is: Was the defendant's foreman guilty of negligence in directing the plaintiff to remove the cap or blank from the pipe in question. He, the foreman, knew all the dangers which were to be anticipated from the operations. He concededly knew that the kettle was full, and that it was not discharging any liquid. Whether or not its failure to discharge was due to an obstruction between the kettle and the place where he directed the plaintiff to remove the cap he did not know, and took no means to ascertain. The stoppage in the pipe could have been caused by some defect either on one side or the other of where the plaintiff was set to work. The pressure upon either section of the pipe on hand would have caused the accident which occurred. The plaintiff, under the direction of his superior and pursuant to the rule

of the defendant, in substance, that no pipe should be opened except under the direction of the foreman, opened such pipe under such direction. It seems to me clear that the foreman, who, under the employer's liability act, is a vice principal, was guilty of negligence in not having discovered or ascertained that the pressure was on and that, immediately when the pipe in question was opened, the force of such pressure would have thrown the liquid on to the person making the vent in the pipe.

The issue ought not to be clouded by any subtleties. Here is a plaintiff, who had only been engaged in this business for 16 days and was under the direction of a foreman, presumably a competent man, when a condition occurs by which the liquid from the kettle, so called, does not flow. The plaintiff calls the attention of the foreman to that fact, and the plaintiff is ordered to remove a certain cap in the line of the pipe, which should only have been removed, as known by the foreman, when the pressure from the tank was shut off. I cannot conceive of any theory upon which it can be said that the foreman was not guilty of negligence when he told the plaintiff to take a wrench of a certain pattern and unloosen the cap or blank of the pipe carrying caustic soda, without first knowing that the pressure which was indicated by the gauge was on in the kettle and would result in injury to the plaintiff employé. The plaintiff may have known that the kettle was full, as indicated by the gauge; but he was not supposed to know the reasons why it did not flow therefrom. Defendant's superintendent, who had supposedly superior knowledge to the plaintiff, directed that he, the plaintiff, should open a valve at a certain place. The plaintiff obeyed the instructions received, as was his duty to do, and we think it cannot be said that in obeying such instructions the defendant was relieved from the charge of negligence under the employer's liability act. Let me make my position clear. A question arises as to how a defect in the operation of machinery may be remedied. A foreman, knowing all the dangers, directs an employé to do a certain act, which results in injury to him. Can it be said that, simply because such employé may also know of the danger, he is guilty of negligence because he carries out the instructions of his commander? In the case at bar the plaintiff opened the cap, so that the liquid from the kettle would pass through the pipe in question, and so into the montjus. He discovered that it was not passing from the kettle. The foreman's attention was called to it, and the plaintiff was instructed to take off the cap or blank in question, being assured, as the evidence indicates, that everything was right for him to do so. He did as he was directed by the defendant's foreman, and in the discharge of that duty received the injuries of which he complains. It is clear that, if the foreman had discovered that the pressure was on from either end of the pipe, no accident would have resulted. In other words, it is demonstrated that ordinary care and prudence on the part of the foreman would have indicated that his order given to the plaintiff to take off the cap or blank at the end of the pipe in question was ill-advised, and would probably result in injury to the person attempting to carry out his order.

It is urged that there should be a reversal in this case because the plaintiff was continuing in his work without wearing goggles which would protect the eyes, and that in view of the rule of the defendant requiring employés to wear them, it constituted contributory negligence on the plaintiff's part. We think that the answer to that proposition is that the rule of the defendant, requiring its employés in the caustic soda department to wear goggles, had been, with its knowledge, frequently and habitually disregarded. In fact, in this case the foreman of the defendant knew that the plaintiff had no goggles covering his eyes, and it further appears that at the time of the accident there were no goggles furnished by the defendant, or to be had. Under those circumstances, we do not consider that the plaintiff is barred from recovery simply because he failed to wear goggles at the time of the accident, as provided by the rule of the defendant, and which, at the time, were not at hand for him to wear. All the facts of the case were submitted to the jury upon an eminently fair charge, to which practically no exception was taken by the defendant. The issue was squarely presented as to whether or not, under the employer's liability act, the foreman was guilty of negligence in sending the plaintiff to uncouple a pipe, or make a vent in a pipe, which was filled with hot caustic soda, without knowing that it was safe so to do; he, the foreman, being fully informed as to what was necessary in order to permit such cap or blank to be removed with safety to the employé removing the same. The citation of authorities would seem to be unnecessary in this case. It all depends upon the question of fact: Was McCarthy, the vice principal in this case, under the employer's liability act, guilty of negligence in directing the plaintiff to open a pipe in which there is caustic soda, without knowing that the pressure upon such pipe had been relieved and in such manner as when the first opening was made it would not, with great force, come upon him? It seems to me that the question of plaintiff's contributory negligence is hardly worthy of discussion. We think he did, as disclosed by the evidence, what a person of ordinary care and prudence would have done under like circumstances.

Neither, as we believe, can it be said that the verdict was excessive. The plaintiff, so far as appears, is a young man of good character, in the prime of life, has totally lost the sight of one eye as the result of this accident, and the sight of the other is seriously, if not permanently, impaired. He also sustained other very serious injuries, about which it is hardly useful to comment. It seems to me that it cannot be said that the verdict was excessive.

As a conclusion of the whole matter, we recommend that the judgment and order appealed from be affirmed, with costs.

Judgment and order affirmed, with costs. All concur, except ROBSON, J., who dissents.